IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00583-PAB-KMT

DENNIS W. TURNER,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,

    Defendant.

## ORDER

    This matter is before the Court on the Unopposed Motion to Reconsider Ruling on Summary Judgment [Docket No. 33] filed by plaintiff Dennis W. Turner. Mr. Turner requests that the Court vacate its Summary Judgment Order [Docket No. 32] because the parties entered into a settlement agreement on March 1, 2011 and the settlement agreement includes a provision requiring plaintiff to file a motion to dismiss this case with prejudice.

    Plaintiff's counsel states that his failure to notify the Court of the settlement agreement prior to the entry of the Order was inadvertent as the case "fell between the cracks" while counsel prepared for an opening brief in front of the Eighth Circuit Court of Appeals. Docket No. 33 at 2. Plaintiff's counsel requests that the Court vacate the summary judgment order because it would be "unfair to have the Plaintiff saddled with a judgment against him, due to the oversight of his attorney." *Id*.

Although the Court appreciates the efforts of the parties to resolve their dispute, the Court declines the invitation to vacate its earlier Order. The Court acknowledges that there is a public policy in favor of the settlement of disputes and that courts will generally honor this policy by facilitating settlement whenever appropriate. However, the Court notes that vacating an otherwise valid court order may adversely affect the dynamics of motions practice if litigants believe that they may later erase the effect of unfavorable court orders through a settlement agreement. Not only would such a practice come dangerously close to engendering improper advisory opinions by courts, it might also encourage inefficiencies through repetitive litigation.

There is a public interest against concealing or obscuring the nature of court proceedings. *See M.M. v. Zavaras*, 939 F. Supp. 799, 801-01 (D. Colo. 1996) (discussing the disfavor with which anonymity and the sealing of court documents is viewed because of their tendency to conceal from public view the nature of a proceeding); *see also Advanced Elevator ex rel. McTarsney v. United States*, No. 09-cv-0211-JLK, 2009 WL 530375, at *1 (D. Colo. March 2, 2009) ("Motions to seal, or otherwise to obstruct or conceal the public nature of court proceedings are held in disfavor."). Similarly, absent unusual circumstances, vacating orders is inconsistent with the policy that favors the public nature of court proceedings.

The parties to this case invoked the jurisdiction of the Court to resolve their respective claims. The matters regarding the summary judgment motion involved public filings. Had the parties wished to resolve their disputes in a matter that did not involve public proceedings, there were ways to do so. However, the parties did not

choose to do so and therefore cannot now expect that orders relating to the dispute, properly entered and unrelated to settlement, will now be vacated.

For the reasons stated above, it is

**ORDERED** that the Unopposed Motion to Reconsider Ruling on Summary Judgment [Docket No. 33] is **DENIED**.

DATED February 27, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge